UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RYAN NICELY, et al.

    Defendant.

Case No. CR10-205RSL

ORDER DENYING MOTION TO SUPPRESS

## I. INTRODUCTION

This matter comes before the Court on defendant's "Motion to Suppress Physical Evidence and Statements of Defendant." Dkt. # 80. Defendant has moved to suppress incriminating evidence found during the execution of a search warrant at his residence on June 24, 2010, as well as incriminating statements he made to police after the execution of the warrant. After reviewing the memoranda and exhibits submitted by the parties, and after hearing the oral argument of counsel, the Court denied defendant's motion at hearing. The reasoning behind the Court's decision is as follows:

## II. FACTS

On June 23, 2010, United States Bureau of Alcohol, Tobacco, and Firearms ("ATF") Special Agent William Perkins applied for a search warrant for the defendant's residence in Everett, Washington. To support the warrant application, Agent Perkins filed an

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 1

affidavit describing his investigation into a drug distribution conspiracy involving the "Waco Boys" gang. The affidavit describes a number of "controlled buys" of oxycodone from defendant Mr. Nicely and his co-conspirator Jonathan Tavares. See generally Mot. (Dkt. # 80), Ex. A at ¶¶ 19-106. The affidavit also describes additional surveillance of Mr. Tavares and Mr. Nicely, and lists objects to be seized from Mr. Nicely's residence. See id. at ¶¶ 108-12, 113-21. United States Magistrate Judge James P. Donohue granted Agent Perkins' application for a search warrant on June 23, 2010. See Supp. (Dkt. # 99), Ex. B.

ATF agents executed the search warrant at defendant's home on June 24, 2010. During their search of the home, the agents seized two handguns, various ammunition and magazines, drug paraphernalia, scales, cellular phones, and a bag containing several oxycodone pills. Opp'n (Dkt. #97), Ex. A at 1-3. Following his arrest, defendant signed a waiver of his Fifth Amendment rights and made incriminating statements to the officers. Defendant now moves to suppress the physical evidence and oral statements. Mot. (Dkt. # 80).

**III. DISCUSSION**

**A. Standard**

A magistrate judge may issue a search warrant if, under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular location. Illinois v. Gates, 462 U.S. 213, 238 (1983). A magistrate judge's decision that an affidavit supports a finding of probable cause is "afforded great deference by reviewing courts" and should be upheld unless clearly erroneous. United States v. Alvarez, 358 F.3d 1194, 1203 (9th Cir. 2004) (internal citation omitted). "In borderline cases, preference will be accorded to warrants and to the decision of the magistrate issuing it." United States v. Terry, 911 F.2d 272, 275 (9th Cir. 1990) (quoting United States v. Martinez, 588 F.2d 1227, 1234 (9th Cir. 1987)).

**B.     Probable Cause**

The warrant to search defendant's home was supported by the affidavit of ATF Special Agent Perkins. Dkt. # 80, Ex. A. Agent Perkins concluded that there was evidence of drug and firearm offenses at defendant's home based primarily on several "controlled buys" of narcotics from defendant conducted through a confidential informant. These included controlled buys in defendant's home on April 14, 2009, and June 26, 2009. See Mot. (Dkt. # 80), Ex. A at ¶¶ 25-29, 40-45. Defendant also appears to have had some involvement in two other buys from Jonathan Tavares that occurred on May 27, 2009, and January 21, 2010. See id. at ¶¶ 30-39, 89-103. Defendant argues that these events are too distant in time from the signing of the June 23, 2010 affidavit to support a finding of probable cause, and that the search warrant was thus invalid because it was supported by "stale" information. Mot. (Dkt. # 80) at 4-6.

An affidavit supporting a search warrant must be based on facts "so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time," United States v. Lacey, 119 F.3d 742, 745 (9th Cir. 1997) (quoting Durham v. United States, 403 F.2d 190, 193 (9th Cir. 1968)). "The mere lapse of substantial amounts of time is not controlling in a question of staleness." United States v. Dozier, 844 F.2d 701, 707 (9th Cir. 1988) (citing United States v. Foster, 711 F.2d 871, 878 (9th Cir. 1983)). "The court should also evaluate the nature of the criminal activity and the kind of property for which authorization to search is sought." Foster, 711 F.2d at 878. When an affidavit alleges "the existence of a widespread, firmly entrenched, and ongoing narcotics operation . . . staleness arguments lose much of their force." United States v. Hernandez-Escarsega, 886 F.2d 1560, 1566 (9th Cir. 1989); see also United States v. Greany, 929 F.2d 523, 525 (9th Cir. 1991) (upholding warrant based on one and one-half to two year old information about marijuana growing operation because it described "an ongoing criminal business of a necessarily long-term nature."); Dozier, 844 F.2d at 707 (upholding warrant based on five and a half month old affidavit because "marijuana cultivation is a long-term crime."). Furthermore, information in an affidavit can be "refreshed" when subsequent corroborating information renews its pertinence. See, e.g., Alvarez, 358 F.3d at

ORDER DENYING MOTION TO SUPPRESS - 3

1203-04 (rejecting staleness challenge where one to three year old information was corroborated by evidence of recent communication with co-conspirators); see also United States v. Vaandering, 50 F.3d 696, 700 (9th Cir.1995) (finding twenty-two month old information not stale when "the older information was coupled with recently obtained information.").

      In this case, Agent Perkins' June 23, 2010 affidavit describes an ongoing investigation into a drug distribution ring. It details controlled buys from defendant in April and June of 2009. Mot. (Dkt. # 80), Ex. A at ¶¶ 25-29, 40-45. The affidavit also describes a May, 2009 buy near defendant's residence, and a January, 2010 buy for part of which defendant was present. Id. at ¶¶ 30-39, 89-103. The affidavit also lists ten other buys from defendant's co-conspirator Jonathan Tavares, including one occurring as recently as February 23, 2010. Id. at 104-07. These transactions demonstrate that the defendant was "more than a one-time drug seller." United States v. Pitts, 6 F.3d 1366, 1370 (9th Cir. 1993). While the distribution of oxycodone is not a crime that is "of a necessarily long-term nature" like the marijuana grow operations at issue in Dozier and Greany, defendant and his co-conspirators were engaged in the type of ongoing drug business for which probable cause remains "fresh" longer. Furthermore, in addition to the two controlled buys of narcotics from defendant, the affidavit contains additional information that corroborates or refreshes the information about defendant's criminal conduct: two mid-2009 controlled buys occurred near defendant's residence; defendant was present when his co-conspirator Mr. Tavares received the proceeds of a controlled buy on January 21, 2010; and co-conspirator Tavares conducted a controlled buy as late at February 25, 2010, just four months prior to Agent Perkins' affidavit. Viewed under the totality of the circumstances standard, these facts provide a substantial basis for the magistrate's determination that probable cause existed. The Court thus finds that the warrant authorizing a search of defendant's home was properly issued and that the resulting search did not violate defendant's Fourth Amendment rights.

ORDER DENYING MOTION TO SUPPRESS - 4

### C. The Good Faith Exception

Even if the Court were to find that the search of defendant's home violated his Fourth Amendment rights, suppression of the incriminating evidence seized as a result of the search would not be constitutionally required. "[I]n United States v. Leon, the Supreme Court set out an exception to the exclusionary rule for a search conducted in good faith reliance upon an objectively reasonable search warrant." United States v. Crews, 502 F.3d 1130, 1135-36 (9th Cir. 2007) (citing United States v. Leon, 468 U.S. 897, 925 (1984)). "Working from the premise that the exclusionary rule is a judicially created, as opposed to constitutionally required, remedy for Fourth Amendment violations, the Court reasoned that where police conduct is pursued in complete good faith, the rule's deterrent function loses much of its force." United States v. Luong, 470 F.3d 898, 902 (9th Cir. 2006) (internal quotation omitted). When the government invokes the good faith exception, it bears the burden of proving that officers relied on the search warrant "in an objectively reasonable manner." Crews, 502 F.3d at 1136; see also Luong, 470 F.3d at 902 ("[T]he good faith test is an objective one."). For the exception to apply, the supporting affidavit "must establish at least a colorable argument for probable cause." Luong, 470 F.3d at 903. "The objective reasonableness is to be determined not only with respect to the officers who executed the warrant, but also to the officer who provided the affidavit upon which the warrant was based." United States v. Clark, 31 F.3d 831, 835 (9th Cir. 1994) (citing Leon, 468 U.S. at 923 n.24).

There are four circumstances in which the good faith exception does not apply because an officer's reliance is per se unreasonable: (1) where the issuing magistrate was misled by information in the affidavit which was knowingly or recklessly false; (2) where the issuing magistrate wholly abandons the detached and neutral judicial role; (3) where the warrant is facially deficient in detail as to the place to be searched or the things to be seized; or (4) where the affidavit upon which the warrant is based is so lacking in indicia of probable cause that no reasonable officer could rely upon it in good faith. Leon, 468 U.S. at 923-26; see also Crews, 502 F.3d at 1136. Defendant makes no allegation of a knowingly or recklessly false statement in

ORDER DENYING MOTION TO SUPPRESS - 5

the affidavit, a lack of judicial impartiality, or a facial deficiency in the warrant.  Defendant does argue that the warrant was based on such stale information that it was fatally lacking in indicia of probable cause.  Reply (Dkt. # 100) at 2-4.

While it is a close call, the Court has already found that the Perkins affidavit did establish probable cause and thus that the warrant was properly issued.  Even if the affidavit in this case were insufficient to establish probable cause, however, it would not be so clearly stale that the agents' reliance on it was per se unreasonable.  The affidavit describes an ongoing investigation into a drug distribution conspiracy, explicitly implicates Mr. Nicely, and but for the passage of time since the last controlled buy from Mr. Nicely, is otherwise an exemplary model of detail and thoroughness.  Nor does Agent Perkins' inclusion of information about Mr. Nicely's presence during a more-recent controlled buy support an inference that Agent Perkins was aware of a purported lack of probable cause.  Instead, this recent, incriminating information about Mr. Nicely functions to reduce the staleness of the older information.  Furthermore, the affidavit addresses the staleness issue and provides a reasonable explanation as to why evidence of drug trafficking could reasonably be expected to be found at defendant's residence despite the lack of direct evidence of criminal activity during the past several months.  See Mot. (Dkt. # 80), Ex. A. at ¶¶ 8(t), 8(w).  The Court thus finds that the agents in this case relied on the search warrant in objective good faith, and that suppression of the evidence seized from defendants' home would not be warranted even if the warrant were improperly issued.

Because the Court finds that the warrant was properly issued, and that the agents relied on the warrant in objective good faith, the Court does not reach the government's inevitable discovery argument.

ORDER DENYING MOTION TO SUPPRESS - 6

**IV. CONCLUSION**

For the reasons stated above, the Court finds that the information in Agent Perkins' affidavit supported a finding of probable cause under the totality of the circumstances standard. The Court also finds that even if the warrant were improperly issued, the agents executing the search warrant relied on the warrant in an objectively reasonable manner.

ACCORDINGLY, defendant's motion to suppress is hereby DENIED.

DATED this 8th day of March, 2011.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO SUPPRESS - 7