The Honorable Judge Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | CASE NO. CR10-205RSL |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| RYAN M. NICELY, | |
| Defendant. | |

THIS MATTER comes before the Court on Defendant's pro se motion seeking a reduction in sentence.

Defendant Ryan M. Nicely was sentenced on June 3, 2011, following his convictions of Conspiracy to Distribute Oxycodone and Possession of a Firearm in Furtherance of a Drug Trafficking Crime. At that time this Court calculated his Total Offense Level for the drug offense as Level 23. Because Defendant's Criminal History Category was IV, the resulting Guidelines range for the drug offense was 70-87 months, plus 60 months consecutive for the gun offense. *See* PSR ¶ 153; Statement of Reasons form, filed under seal. The Court then found his criminal history category over-representative, and departed to a category II, resulting in a post-departure range of 51 - 63 months (plus 60 months consecutive). The Court then varied downward below that reduced range and imposed a sentence of 30 months on the drug offense, plus 60 months consecutive for the gun offense, for a total term of

imprisonment of 90 months.  *See* Judgment at 2; *see also* Statement of Reasons form, filed under seal.

Under the retroactively effective amendments to USSG § 2D1.1, Defendant's Total Offense Level would now be reduced by two levels to Level 21.  The Court is required to calculate Defendant's post-amendment range before consideration of any departure provision in the Guidelines Manual or any variance.  *See* USSG § 1B1.10, App. n. 1(A).  Hence, at criminal history category IV, Defendant's amended Guideline range is 57 – 71 months, plus 60 months consecutive.  Because the sentence already imposed for the drug offense (30 months) is below the low end of the range as calculated applying the amended Guidelines (57 months), the Sentencing Commission's Policy Statement at USSG § 1B1.10 precludes any reduction in sentence.  *Dillon v. United States*, 560 U.S. 817, 826 (2010).[1]  As such, this Court lacks jurisdiction to reduce Defendant's sentence.

Defendant's motion to correct or reduce sentence, Dkt. 205, is DENIED.

Dated:   August 11, 2015.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] There is nothing in the PSR or the Statement of Reasons to suggest the "substantial assistance" exception to this limitation applies to Defendant.  *See* § 1B1.10(b)(2)(B).

ORDER
CR07-28RSL- 2